UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CHAD T. HARRIS and HOLLY E. ACUFF,
formerly known as HOLLY HARRIS                                      PLAINTIFFS

v.                              CASE NO. 3:06-CV-0038 GTE

CITIMORTGAGE, INC.                                                  DEFENDANTS

ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND MOTION TO DISMISS

Presently before the Court are the Motion for Summary Judgment on the Complaint and Motion to Dismiss Defendant's Counterclaim filed by Plaintiffs Chad T. Harris and Holly E. Acuff and the Motion for Summary Judgment filed by CitiMortgage, Inc.

I.    Background

Plaintiffs Chad T. Harris and Holly E. Acuff were married and owned two tracts of real property in Paragould, Greene County, Arkansas:

> Lot 5 of Club View Estates to the City of Paragould, Arkansas, as shown by a Plat recorded in Plat Cabinet A, Page 20B of the Plat Records of Greene County, Arkansas;[1]

and

> Lot 6 of Club View Estates Subdivision to the City of Paragould, Arkansas, as shown by a Plat recorded in Plat Cabinet A, Page 20B of the Plat Records of Greene County, Arkansas;[2]

---

[1] *See* Exhibit 2 to Plaintiffs' Motion for Summary Judgment.

[2] *See* Exhibit 3 to Plaintiffs' Motion for Summary Judgment.

These two tracts of real property shall be referred to hereinafter as "Lot 5" and Lot 6," respectively. Lot 5's southern boundary abuts Pruetts Chapel Road.[3] It has a single family residence located thereon which has the street address of 3501 Pruetts Chapel Road, Paragould, Arkansas 72450.[4] Lot 6 lies on the northern boundary of Lot 5, and Lot 6's northern boundary abuts Club View Drive.[5] Lot 6 has no improvements located thereon.[6]

Plaintiffs executed the first mortgage[7] ("Mortgage 1") in favor of First Nationwide Mortgage Company (CitiMortgage's predecessor in interest) on April 16, 2001, which acted as security for a Note[8] in the amount of $245,000. It was recorded on April 23, 2001. The proceeds of Mortgage 1 were used to pay off three prior loans to First National Bank of Paragould.[9] It encumbered Lots 5 and 6. Mortgage 2,[10] a second mortgage dated June 7, 2001, was executed in favor of the Bank of Paragould and filed with the Greene County Circuit Clerk on June 15, 2001. Mortgage 2 also covers Lots 5 and 6. The third mortgage[11] ("Mortgage 3"), dated January 26, 2004, was executed in favor of Defendant CitiMortgage ("Citi"), and filed with the Greene

---

[3]*See* Exhibit 4 to Plaintiffs' Motion for Summary Judgment.

[4]*See* Exhibit 1 to Defendant's Counter Motion for Summary Judgment.

[5]*See* Exhibit 4 to Plaintiffs' Motion for Summary Judgment.

[6]*See* Exhibit 1 to Defendant's Counter Motion for Summary Judgment.

[7]*See* Exhibit 6 to Defendant's Counter Motion for Summary Judgment.

[8]*See* Exhibit 5 to Defendant's Counter Motion for Summary Judgment.

[9]*See* Exhibit 1 to Defendant's Counter Motion for Summary Judgment.

[10]*See* Exhibit 5 to Plaintiffs' Motion for Summary Judgment.

[11]*See* Exhibit 6 to Plaintiffs' Motion for Summary Judgment.

County Circuit Clerk on February 23, 2004 to secure a Note[12] in favor of Citi in the amount of $239,004. Mortgage 3 was executed to refinance Mortgage 1, and conditioned upon Citi obtaining a first mortgage on the Plaintiffs' residence as described in Mortgage 1.[13] The proceeds of this refinance were used to pay off the indebtedness due and owing on Plaintiffs' residence.[14] The Borrower's Agreements, Acknowledgements and Clarifications[15] executed by Plaintiffs as part of the paperwork associated with Mortgage 3 states, "I specifically acknowledge and agree that: . . . Occupation of the property will be Primary Residence." The legal description for the property mortgaged in Mortgage 3 clearly identifies Lot 6, but the mortgage also states the Parcel ID Number "which currently has the address of 3501 Pruetts Chapel Road, Paragould, Arkansas 72450."[16] On May 25, 2004, a Plaintiffs' Decree of Divorce was filed in the Circuit Court of Greene County, Arkansas.

On October 20, 2004, Plaintiff Holly E. Acuff filed for Chapter 7 Bankruptcy relief, listing the Bank of Paragould and Citi as "Creditors Holding Secured Claims" and describing the property subject to the lien of both the Bank of Paragould and Citi as "residence @ 3501 Pruetts Chapel Rd., Paragould, AR."[17] Additionally, in Ms. Acuff's Chapter 7 Individual Debtor's Statement of Intention, she listed "residence @ 3501 Pruetts Chapel Rd., Paragould, AR" as

---

[12]*See* Exhibit 8 to Defendant's Counter Motion for Summary Judgment.

[13]*See* Exhibit 1 to Defendant's Counter Motion for Summary Judgment.

[14]*See* Exhibit 1 to Defendant's Counter Motion for Summary Judgment.

[15]*See* Exhibit 7 to Defendant's Counter Motion for Summary Judgment.

[16]*See* Exhibit A contained within Exhibit 6 to Plaintiffs' Motion for Summary Judgment.

[17]*See* Exhibit 10 to Defendant's Counter Motion for Summary Judgment.

"Property To Be Surrendered" and listed as creditors the Bank of Paragould and Citi.[18]

On November 19, 2004, Plaintiff Chad T. Harris filed for Chapter 7 Bankruptcy relief, listing the Bank of Paragould and Citi as "Creditors Holding Secured Claims" and describing the property subject to the liens of both the Bank of Paragould and Citi as "Residence and Lot."[19] Mr. Harris designated the lien in favor of Citi as "First Mortgage," and the lien in favor of the Bank of Paragould as "Second Mortgage."[20] Additionally, in Mr. Harris' Chapter 7 Individual Debtor's Statement of Intention, he listed "Residence and Lot" as "Property To Be Surrendered" and listed as creditors the Bank of Paragould and Citi.[21]

On July 12, 2005, the Bank of Paragould executed an Assignment of Mortgage transferring its interest in Mortgage 2 to Defendant Citi. The assignment was filed and recorded with the Greene County Circuit Clerk on July 21, 2005. Citi foreclosed on Mortgage 3 pursuant to Arkansas' statutory foreclosure law, and on November 7, 2005, Citi bought the foreclosed upon property at a public sale at the Greene County Courthouse for $314,872.81. On November 16, 2005, Citi executed a Mortgagee's Deed, which describes Lot 6, and then states "Commonly known as: 3501 Pruetts Chapel Road, Paragould, Arkansas 72450," and recorded it on November 17, 2005.[22] The fact that Lot 6 is owned by Citi pursuant to its purchase at the foreclosure sale is

---

[18]*See* Exhibit 10 to Defendant's Counter Motion for Summary Judgment.

[19]*See* Exhibit 11 to Defendant's Counter Motion for Summary Judgment.

[20]*See* Exhibit 11 to Defendant's Counter Motion for Summary Judgment.

[21]*See* Exhibit 11 to Defendant's Counter Motion for Summary Judgment.

[22]*See* Exhibit 11 to Plaintiffs' Motion for Summary Judgment.

not disputed.  The only issue in this case is the ownership of Lot 5.[23]

Plaintiffs filed a Complaint for Declaratory Judgment in Greene County Circuit Court[24] on February 17, 2006 seeking a declaration that (1) Plaintiffs Chad T. Harris and Holly E. Acuff own Lot 5 in fee simple as tenants in common, subject only to Mortgage 2; (2) Defendant Citi has a lien on Lot 5, as a result of the assignment of Mortgage 2 by Bank of Paragould, recorded with the Greene County Circuit Clerk on July 21, 2005; and (3) Citi has no other interest in Lot 5 other than Mortgage 2 and any legal or equitable relief Citi could have asserted through Mortgage 3 was forever barred and terminated following the foreclosure sale as a result of Ark. Code Ann. § 18-50-116(d).  Defendants removed the case to this Court on March 14, 2006.

On July 17, 2006, Defendant Citi filed a Counterclaim asserting a Counter-Motion for Declaratory Judgment, and alternatively asserting a cause of action for an Equitable Lien in Favor of Citi as to Lot 5.  Citi claims that through clerical error or innocent mistake, the legal description of Mortgage 3 did not specifically list Lot 5.  Furthermore, Citi claims that Plaintiffs' are estopped from bringing this action because Plaintiffs' current position is inconsistent with Plaintiffs' position in their respective bankruptcy proceedings, Plaintiffs knew and understood that Mortgage 3 and the foreclosure were intended to describe both lots, and that Citi did not learn of the error in the legal description until after the non-judicial foreclosure was complete. Citi seeks a declaration that Mortgage 3 and the foreclosure documents cover both Lots 5 and 6, pointing out that Mortgage 3 re-financed, by paying in full, the loan secured by Mortgage 1,

---

[23]Plaintiffs concede that Lot 6 is owned by CitiMortgage.  *See* p. 4 Plaintiffs' Brief in Support of Motion for Summary Judgment.

[24]Civil No. CV-2006-53(B).

which specifically described both lots. Citi claims that such an interpretation is consistent with the description in Mortgage 3, which gives the description of Lot 6, but also states "which currently has the address of 3501 Pruetts Chapel Rd, Paragould, Arkansas 72450."[25] Alternatively, Citi requests that this Court construe Mortgage 3 in favor of Citi as an equitable lien on Lot 5 to which Citi has the right to foreclose because the intention of the parties is clear on the face of Mortgage 3, which describes the property with its street address, and Plaintiffs would be unjustly enriched if the Court found otherwise.

## II. Summary Judgment Standard

Summary judgment is appropriate only when, in reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit set out the burdens of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the party moving for summary judgment is only to demonstrate, i.e., '[to] point[] out to the District Court,' that the record does not disclose a

---

[25]*See* Exhibit 6 to Plaintiffs' Motion for Summary Judgment.

> genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id*. at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)(brackets in original)).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id*.

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. Rule 56(e). The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

**III. Discussion**

Arkansas Code Annotated § 18-50-116(d)(2) and (e) provide:

Nothing in this chapter shall be construed to:

. . .

(d)(2) (A) Impair the right of any person or entity to assert his or her legal and equitable rights in a court of competent jurisdiction.

(B) Provided, however, that any such claim or defense shall be asserted prior to the sale or be forever barred and terminated.

(e)(1) At any time prior to the delivery of the trustee's or mortgagee's deed, the trustee or mortgagee shall be authorized to set aside a sale conducted pursuant to this chapter by declaring the sale null and void and returning the purchase price to the highest bidder without any further liability to the bidder.

(2) In this event, the trustee or mortgagee shall file an affidavit declaring the sale null and void with the recorder of the county in which the trust property is located, and all terms and provisions of the mortgage or deed of trust shall be revived and reinstated as if no sale had occurred.

Plaintiffs cite *Cockrell v. Union Planters Bank*, 359 Ark. 8, 15 (2004), in support of their argument that Arkansas Code Annotated section 18-50-116(d)(2)(B) acts as a procedural bar to Citi's Counterclaim for Declaratory Judgment seeking an interpretation of the language of Mortgage 3 to include both Lots 5 and 6.  In *Cockrell*, the Arkansas Supreme Court strictly interpreted subsection (d)(2)(B) in concluding "that an assertion that the land to be foreclosed on is primarily used for agricultural purposes is precisely the kind of claim or defense that must be raised 'prior to the sale or be forever barred and terminated'" "in the interest of finality." *Id.*  The Court explained that subsection (d)(2)(B) was added as a part of Act 983 of 1999, which contained an Emergency Clause that explained the purpose of the Act:

it is immediately necessary for the fair and efficient administration of this act that, among other things, sales be considered final, and *all rights of the grantor or mortgagor*, be terminated, immediately upon the conclusion of the public foreclosure auction[.]  Act 983, § 16 of 1999.

*Id.* (emphasis added). In *Cockrell*, the mortgagor's attempt to invoke the agricultural purposes defense "runs directly counter to the express language of Act 983 and the express policy in the Act that statutory foreclosures be fair and efficient and that foreclosure sales result in the *termination of all rights of the mortgagor*." *Id.*

Plaintiffs claim that Defendant's request for interpretation of Mortgage 3 is actually a claim for reformation because when the language of the instruments is clear and unambiguous, as they claim it to be here, no interpretation is necessary, and a claim for reformation is procedurally barred under Arkansas Code Annotated section 18-50-116(d)(2)(B) after a statutory foreclosure sale is final. Citi counters by differentiating a claim for interpretation of a mortgage and foreclosure proceedings from reformation, and states that Arkansas Code Annotated section 18-50-116(d)(2)(B) does not apply to Citi's request for declaratory judgment.

The legislative history and limited interpretation of Arkansas Code Annotated section 18-50-116(d)(2)(B) by the Arkansas Supreme Court does not clearly indicate that the legislature intended the rights of a mortgagee, such as Citi, to be terminated, considering the legislature's direction that "all rights of the *grantor or mortgagor*, be terminated." (emphasis added). Additionally, it would be inconsistent to allow the Plaintiffs, the mortgagors, to proceed in a declaratory judgment action regarding the same piece of property and the same mortgage, while finding that the mortgagee, Citi, is procedurally barred. Regardless, Citi's claim for declaratory judgment is not procedurally barred because Arkansas Code Annotated section 16-111-103 states, "Courts . . . shall have power to declare rights, status, and other legal relations whether or not relief is or could be claimed." Arkansas Code Annotated section 16-111-104 provides:

> Any person interested under a deed, [] written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute [or] contract may have determined any question of construction or validity arising under the instrument, statute, [or] contract and obtain a declaration of rights, status or other legal relations thereunder.

Furthermore, because it appears that no third parties are involved, no individuals not a party to this action would be prejudiced by allowing the mortgagee, Citi, to proceed in obtaining an interpretation of Mortgage 3 and the Mortgagee's Deed.  Therefore, this Court finds that Citi's claim for interpretation is not procedurally barred.

The Court finds that the omission of Lot 5 in both Mortgage 3 and the Mortgagee's Deed was due to a clerical error or innocent mistake, after considering the similarity of the amounts of the notes executed in conjunction with both Mortgage 1, which encumbered both Lots 5 and 6, and Mortgage 3, and the amount Citi paid to purchase the property.  Also, in describing the property to be mortgaged and deeded, both documents contain a reference to the street address of 3501 Pruetts Chapel Road, and Lot 5, not Lot 6, abuts Pruetts Chapel Road.  Furthermore, Plaintiffs obviously obtained the value for Lots 5 and 6 in the foreclosure sale, as evidenced by the fact that in 2004 Plaintiffs estimated the market value of Lots 5 and 6 at between $260,000 and $280,000,[26] and Citi's payment of $314,872.81 at the foreclosure sale just one year later.  Finally, the Borrower's Agreements, Acknowledgements and Clarifications[27] executed by Plaintiffs as part of the paperwork associated with Mortgage 3 states, "I specifically acknowledge and agree that: . . . Occupation of the property will be Primary Residence."  The single family

---

[26]*See* Exhibits 10 and 11 to Defendant's Counter Motion for Summary Judgment.

[27]*See* Exhibit 7 to Defendant's Counter Motion for Summary Judgment.

residence was located on Lot 5.[28]

The Court also considers the representations made by the Plaintiffs in their respective bankruptcy petitions. Mr. Harris' Schedule D lists the security for Citi's first mortgage (Mortgage 3) as "Residence and Lot." Ms. Acuff did not even differentiate between the two lots in her Schedule A - Real Property, but listed the property as "residence @ 3501 Pruetts Chapel Rd., Paragould, AR." Additionally, the bankruptcy court's Orders of Abandonment and Release of Stay in Plaintiffs' respective bankruptcy proceedings state, "There is no substantial equity in the property to be abandoned, and it is of inconsequential value to the bankruptcy estate,"[29] and Plaintiffs represented to the court that they intended to surrender the property[30] in their bankruptcy petitions. It is clear to the Court that the Plaintiffs did not file their respective bankruptcy petitions with an intent to defraud the bankruptcy court. Rather, Plaintiffs had the same understanding that Citi had regarding the property – that Citi's mortgage encumbered Lots 5 and 6. It is also clear to the Court that Plaintiffs seek to take advantage of Citi's failure to clearly state that both Lots 5 and 6 were encumbered by Mortgage 3 and transferred through the Mortgagee's Deed by now claiming that Mortgage 3 did not encumber both Lots 5 and 6 and attempting to procedurally bar Citi from disputing that claim.

Therefore, this Court finds that, considering the language of the documents presented and

---

[28] *See* Exhibit 1 to Defendant's Counter Motion for Summary Judgment.

[29] *See* Exhibit A to CitiMortgage, Inc.'s Brief in Support of Response to Plaintiffs' Motion to Dismiss and Reply to Response to CitiMortgage, Inc.'s Counter Motion for Summary Judgment.

[30] *See* Exhibits 10 and 11 to Defendant's Counter Motion for Summary Judgment.

the surrounding circumstances, it is only proper and logical to interpret Mortgage 3 and the Mortgagee's Deed to include both Lots 5 and 6.[31] Summary judgment is granted in favor of Defendant CitiMortgage.

Because the title to real estate will be affected by this decision, the Court directs the prevailing party, CitiMortgage, to prepare a proposed precedent for judgment, submit a copy thereof to Plaintiffs for their comments, and then to the Court for its consideration.

## **CONCLUSION**

FOR THE REASONS STATED ABOVE, IT IS HEREBY ORDERED THAT Defendant's Motion for Summary Judgment (Docket #19) be, and is hereby, GRANTED.

IT IS FURTHER ORDERED THAT Plaintiffs' Motion for Summary Judgment (Docket #7) be, and is hereby, DENIED.

IT IS FURTHER ORDERED THAT Plaintiffs' Motion to Dismiss Defendant's Counterclaim (Docket #24) be, and is hereby DENIED.

IT IS SO ORDERED THIS 21st day of September, 2006.

_/s/ Garnett Thomas Eisele____
UNITED STATES DISTRICT JUDGE

---

[31]Because the claims of the parties may be disposed of on this first issue, the equitable lien, equitable subrogation, and judicial estoppel claims need not be addressed